NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4523
_____

UNITED STATES OF AMERICA

v.

TROY CORLEY,
a/k/a Troy Corley

Troy Corley,
Appellant
_____

Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal No. 08-cr-00422-001
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
October 3, 2011

Before: McKEE, *Chief Judge*, FUENTES and COWEN, *Circuit Judges*

(Opinion Filed: December 27, 2011)
_____

OPINION
_____

McKEE, *Chief Judge*.

Defendant Troy Corley appeals the judgment of sentence that was imposed

following his conviction. For the following reasons, we will affirm.

## I.

As we write primarily for the parties who are familiar with the facts and procedural history of this case, we will set forth only those facts necessary to our analysis.

Corley's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he is unable to identify any non frivolous issue for review. An appointed appellate counsel who "finds [a] case to be wholly frivolous, after a conscientious examination of appeals "the case, must so advise the court of appeals and request permission to withdraw." *Id.* at 744. Counsel has identified four potential non-frivolous issues: (1) whether the district court lacked jurisdiction; (2) whether there were evidentiary rulings that prejudiced the defendant; (3) whether there was sufficient evidence to support the jury's findings; and (4) whether the sentence was legally imposed and was reasonable.

Corley has raised the following issues in his *pro se* brief: (1) whether the district court violated his rights when it found by a preponderance of the evidence the drug quantity to be between 500 grams and 1.5 kilograms under the Sentencing Guidelines instead of submitting the drug quantity issue to the jury because the indictment only alleged that more than 50 grams of cocaine base was involved in the conspiracy; and (2) whether the increased drug quantity finding increased his guidelines range and sentence beyond the statutory maximum without it being presented to a jury and proven beyond a reasonable doubt.

## II.

When counsel submits an *Anders* brief, our inquiry is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). The brief must identify any "issue arguably supporting the appeal even though the appeal is wholly frivolous," *Smith v. Robbins*, 528 U.S. 259, 285 (2000), "explain why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000), and show that counsel "thoroughly scoured the record in search of appealable issues." *Id.* at 780; *see also Youla*, 241 F.3d at 300. "Counsel need not raise and reject every possible claim[,]" but he or she must still conscientiously examine the record. *Youla*, 241 F.3d at 300. 35087-20985

The *Anders* brief in this case fails to identify some issues arguably supporting an appeal and explain why the issues are frivolous. However, our independent review of portions of the record including the defendant's *pro se* brief and the appellee's brief reveal the appeal is patently frivolous.

### A. Adequacy of the Anders Brief

Counsel adequately explains the frivolousness of an appeal regarding the district court's jurisdiction and evidentiary rulings that prejudiced the defendant. Also, counsel sufficiently explains that the sentence was reasonable because it was on the low-end of the calculated Guideline range and below the statutory maximum, and because the sentence is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). However, counsel does not explain why an appeal regarding the finding of a specific drug quantity level by a preponderance of the evidence to determine a base level offense would be frivolous. Corley asserts in his *pro se* brief that he was sentenced based on an incorrect base offense level. Corley argues the quantity of drugs involved should have

3

been submitted to the jury to be proven beyond a reasonable doubt instead of determined by the district court by a preponderance of the evidence. Failure to submit the drug quantity to the jury, he asserts, is a violation of the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As in *Youla,* where counsel failed to address potential Sentencing Guideline errors raised in the defendant's *pro se* brief, Corley's counsel fails to "mention all the issues raised by his client and assures[s] us that he has considered them and found them patently without merit." *Marvin*, 211 F.3d at 781. Having examined this potential claim, we conclude that Corley's appeal is patently frivolous.

Corley asserts that the drug quantity in this case should have been proven to the jury beyond a reasonable doubt pursuant to *Apprendi*. There the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." However, an *Apprendi* violation only occurs when the "drug quantity is not found by a jury beyond a reasonable doubt and the defendant's sentence under [21 U.S.C.] § 841 exceeds twenty years." *United States v. Vazquez*, 271 F.3d 93, 98 (3d Cir. 2001). Here, Corley's sentence was 188 months' imprisonment, slightly more than 15 years, on each count which was ordered to run concurrently with each other and his state sentence. Therefore, there was no *Apprendi* violation because the drug quantity that was found by the court did not result in a sentence that exceeded the statutory maximum Congress established for the offense.

4

Also, when selecting a sentence or offense base level the district court is not required to prove the relevant facts beyond a reasonable doubt. "[T]he right to proof beyond a reasonable doubt does not apply to facts relevant to enhancements under an advisory Guidelines regime." *United States v. Grier*, 475 F.3d 556, 562 (3d Cir. 2007). Therefore, the District Court was permitted to make findings of fact for selecting a sentence and an offense base level by a preponderance of the evidence.

Moreover, the district court imposed a reasonable sentence at the bottom of the proscribed Guideline range based on 18 U.S.C. § 3553(a) factors including his low criminal history and a recommendation by the Probation Office for a sentence below the Guideline range. Therefore the sentence was not an abuse of discretion by the District Court.

## III.

For the foregoing reasons, we will grant the motion to withdraw and will affirm the district court's judgment.