**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3657
_____


UNITED STATES OF AMERICA

v.

TROY BERNARD CORLEY,
a/k/a Troy Corley


TROY BERNARD CORLEY,

                    Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3:08-cr-00422-001)
District Judge:  Hon. James M. Munley
Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2013

Before:  FUENTES, FISHER, and CHAGARES, <u>Circuit Judges</u>.

(Filed: July 12, 2013)
_____

OPINION
_____

CHAGARES, <u>Circuit Judge</u>.

    Defendant Troy Corley appeals the District Court's denial of his motion for a

reduction of sentence.  His attorney seeks to withdraw as counsel pursuant to <u>Anders v.</u>

California, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion to withdraw and affirm the denial of Corley's motion for a reduction of sentence.

I.

We write for the benefit of the parties and recount only those facts necessary to our disposition.

After a three-day trial, a jury convicted Corley on three drug-related counts: (1) conspiracy to distribute and possession with intent to distribute cocaine base (crack) in excess of fifty grams, 21 U.S.C. § 846; (2) distribution of cocaine base, 21 U.S.C. § 841(a)(1); and (3) distribution and possession with intent to distribute more than five grams of cocaine base, 21 U.S.C. § 841(a)(1) & (b)(1)(B). The Probation Office prepared a Presentence Report ("PSR"), which calculated a total offense level of 40 under the advisory United States Sentencing Guidelines ("Guidelines"). That calculation began with an offense level of 34, which in 2009 applied to offenses that involved at least 500 grams but less than 1.5 kilograms of cocaine base, and added two levels for possession of a dangerous weapon in connection with a drug conspiracy and four levels for Corley's leadership role in the offense.

Corley raised several objections to the PSR during his November 2009 sentencing hearing. He asserted that he should not be sentenced for an offense that involved between 500 grams and 1.5 kilograms of cocaine base and argued that the enhancements for use of a dangerous weapon and for his role in the offense should not apply. The District Court agreed with Corley's argument regarding the enhancement for his role in the offense but rejected his arguments about the amount of cocaine base involved and the

2

use of a dangerous weapon. With respect to the weight of cocaine base possessed, the court found "by a preponderance of the evidence that the Defendant possessed with the intent to distribute at least 1 kilogram of crack cocaine." Appendix ("App.") 33. The elimination of the leadership enhancement brought Corley's offense level to 36 which, combined with his criminal history category of I, yielded an advisory Guidelines range of 188 to 235 months. The District Court sentenced Corley to 188 months of imprisonment, to run concurrently with a state term of imprisonment that Corley was already serving.

Corley appealed, arguing, among other things, that the District Court violated his rights when it found by a preponderance of the evidence that the drug quantity was between 500 grams and 1.5 kilograms because the question of the increased drug quantity should have been submitted to the jury and proven beyond a reasonable doubt. Corley's counsel moved to withdraw representation pursuant to Anders. This Court granted the motion to withdraw and affirmed the judgment of the District Court because the drug quantity found by the court did not increase Corley's sentence above the statutory maximum. United States v. Corley, 455 F. App'x 178 (3d Cir. 2011).

In February 2012, Corley moved for a reduction of his sentence before the District Court based upon the Fair Sentencing Act of 2010 ("FSA"), which sought to equalize the penalties imposed for offenses involving powder cocaine and those involving crack cocaine, and Amendment 750 to the Guidelines, which implemented the FSA. The District Court denied the motion. Corley timely appeals, and counsel again seeks to withdraw.

II.[1]

Defense counsel may move to withdraw from representation if, after a thorough examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); see also Anders, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). When presented with an Anders motion to withdraw, we ask: (1) whether counsel has thoroughly examined the record for appealable issues and explained why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Id. at 301 (quotation marks omitted).

Corley's attorney submits that he has thoroughly reviewed the record and has found no meritorious issues to raise on appeal. In particular, counsel represents that Corley is not eligible for a reduction of sentence because the relevant amendments did not alter the offense level applicable to Corley's conduct. Counsel also conveys Corley's argument that he should receive the benefit of the FSA's new mandatory statutory minimum terms, even though Congress enacted the FSA after Corley was sentenced. Corley also submitted a pro se brief, which we consider as well.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

When denial of a motion to reduce a sentence involves a purely legal question, such as whether the FSA applies, our review of the District Court's decision is plenary. United States v. Dixon, 648 F.3d 195, 198 (3d Cir. 2011). We review the District Court's ultimate decision to grant or deny a 18 U.S.C. § 3582(c)(2) motion to reduce a sentence for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the court may, "upon motion of the defendant . . . reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Corley seeks a reduction based upon the FSA-inspired Guidelines amendments, which lowered offense levels for cocaine base (crack cocaine) offenses. However, "[t]o be entitled to a reduction of sentence, a defendant's sentencing range must have been lowered by recalculation based on the amended base offense level." Mateo, 560 F.3d at 154 (addressing motion to reduce sentence based on amendment to crack cocaine guidelines); see also U.S.S.G. § 1B1.10(a)(2)(b) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.") .

Here, the 2010 amendments did not alter the advisory Guidelines range applicable to Corley. Both before and after the enactment of the FSA, the Guidelines set a base

5

offense level of 34 for one kilogram of crack cocaine, the amount that the District Court found that Corley possessed.[2] Compare U.S.S.G. § 2D1.1 (Nov. 2008) (setting offense level of 34 for "[a]t least 500 G but less than 1.5 KG of Cocaine Base"), with U.S.S.G. § 2D1.1 (Nov. 2010) (setting offense level of 34 for "[a]t least 840 G but less than 2.8 KG of Cocaine Base"). Corley was therefore ineligible for a reduction under 18 U.S.C. § 3582(c)(2). After independently reviewing the record before us, we agree with counsel that there are no non-frivolous issues for Corley to pursue on appeal.

III.

For these reasons, we will affirm the District Court's denial of Corley's motion for a reduction of sentence and grant counsel's motion to withdraw.

---

[2] In his pro se brief, Corley argues that the policies underlying the enactment of the FSA support a reduction here. He relies primarily on Dorsey v. United States, 132 S. Ct. 2321 (2012). The Supreme Court in Dorsey, however, addressed those defendants sentenced after the enactment of the FSA and is inapplicable to Corley, who was sentenced in 2009. Id. at 2326 ("The question here is whether the Act's more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010 [the FSA's effective date], but were not sentenced until after August 3."). Corley's submission also asked us to consider the Supreme Court's then-pending decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), which addresses whether facts that increase the mandatory minimum for a crime must be submitted to the jury and proven beyond a reasonable doubt. Defense counsel correctly points out that we may not properly consider issues related to the applicable mandatory minimums on an appeal from a motion to reduce a sentence pursuant to 18 U.S.C. § 3582(c), which is limited to reductions based upon post-sentencing Guidelines amendments. Even if Alleyne applied retroactively, Corley would have to raise the claim on collateral review.